# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THINK MUTUAL BANK, f/k/a Think Federal Credit Union, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAYMOND J. WAGNER; DINA O. WAGNER; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, )<br>)<br>Defendants. ) | No. 14 C 00515<br><br>Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

Think Mutual Bank filed this action seeking to foreclose a mortgage in federal court on the basis of diversity jurisdiction. This Court has an independent obligation to ensure that it has jurisdiction over every case before it. "[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they *must*." *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (quoting *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)). For the reasons that follow, this case is dismissed for lack of federal subject matter jurisdiction.

Diversity jurisdiction is proper when the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). It is well-established that complete diversity between the parties is required. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 89 (2005); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). According to the complaint, the plaintiff, Think Mutual Bank, is a citizen of Minnesota because it is a savings and loan association chartered under the laws of Minnesota with its principal place of business in Minnesota, and the Wagners are citizens of Illinois. Dkt. 1. There are deficiencies in these allegations, such as the explanation

that the Wagners' "principal place of residence" is Illinois, where the citizenship of individuals should instead be measured by their domicile. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). The bigger problem, though, is presented by the defendants named in the complaint as "Unknown Owners" and "Nonrecord Claimants."

"[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Howell*, 106 F.3d at 218 (citing *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) (per curiam)). Three exceptions to this rule exist when unknown defendants are nominal parties, dispensable parties (who are "unnecessary to the proper resolution of the controversy"), or "defendants sued under fictitious names" when the action is being removed to federal court. *See* 28 U.S.C. § 1441(b)(1); *Howell*, 106 F.3d at 218. The presence of "unknown owners" and "nonrecord claimants" in mortgage foreclosure cases like this, premised on diversity, has previously led to dismissal for lack of subject matter jurisdiction in a number of cases. *See, e.g.*, *First Bank v. Tamarack Woods, LLC*, 13-CV-00058-WDS, 2013 WL 5436373, at *1 (S.D. Ill. Sept. 30, 2013); *JP Morgan Chase Bank, N.A. v. Snower*, 10 C 3586, 2010 WL 3735739, at *1 (N.D. Ill. Sept. 15, 2010); *Home Sav. of Am., F.A. v. Am. Nat. Bank & Trust Co. of Chi.*, 762 F. Supp. 240, 243 (N.D. Ill. 1991); *Bancboston Mortgage Corp. v. Pieroni*, 765 F. Supp. 429, 431 (N.D. Ill. 1991); *John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in Chi.*, 555 F. Supp. 1026 (N.D. Ill. 1983); *but see John Hancock Realty Dev. Corp. v. Harte*, 568 F. Supp. 515 (N.D. Ill. 1983) (finding that the unidentified defendants were "nominal parties with no substantial interest in the controversy" who did not defeat federal jurisdiction).

Dismissal is similarly warranted here. This action was not removed, and this Court agrees that the unknown owners and nonrecord claimants are neither nominal nor dispensable parties

since the plaintiff is seeking a binding determination of their rights. A plaintiff is free not to include unknown defendants in its case, "but only if the plaintiff is also willing to forgo a binding determination of those defendants' rights and interests in [a] mortgaged property." *Tamarack Woods*, 2013 WL 5436373, at *2. Here, the plaintiff has named unknown owners and nonrecord claimants in the complaint; it seeks to terminate their interests in the property at issue through a binding adjudication of this suit. The exceptions therefore do not apply, and this case is dismissed for lack of subject matter jurisdiction.

Date: March 19, 2014

John J. Tharp, Jr.
United States District Judge